| | | |
|---|---|---|
| Mrs. Ruth Logan | * | IN THE UNITED STATES |
| 3706 Park Heights Avenuee | * | |
| Baltimore, MD 21215 | * | DISTRICT COURT |
| | * | |
| Plaintiff | * | FOR |
| | * | |
| v. | * | MARYLAND |
| | * | |
| | * | AT BALTIMORE |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | |
| | * | CLAIM NO.: |
| Defendant | * | |
| | * | |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

COME NOW the plaintiff, Ruth Logan, by and through counsel, Paul A. Weykamp and the law offices of Paul A. Weykamp, and brings suit against the defendant, Pfizer Inc., and for good cause states:

## PARTIES, JURISDICTION, AND VENUE

1.      The plaintiff, Ruth Logan, at all times relevant hereto, has resided in Baltimore, MD, and took the drug CELEBREX® at points in time between 2000 and 2004. As used herein, "plaintiff" shall refer to Ruth Logan unless specifically noted otherwise.

2.      Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of Maryland, with its principal place of business in New York, has committed a tort within the State of

Maryland and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service of process.

4.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than that of the Defendant.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiff purchased the products that form the basis of this lawsuit in the State of Maryland. At all relevant times herein, Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX®. Pfizer, Inc. at all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce the aforementioned prescription drug.  Pfizer, Inc. does substantial business in the State of Maryland and within this Federal District, advertises in this district, received substantial compensation and profits from sales of CELEBREX® in this district, and made material omissions and misrepresentations and breaches of warranties in this district. All conditions precedent have been performed or have occurred. Fed. R. Civ. Proc. 9(c).


**FACTUAL ALLEGATIONS**

6.    Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX®. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold CELEBREX® in the State of Maryland.

7.    Plaintiff, ingested CELEBREX® as prescribed and as a result thereof, suffered a Heart Attack.

8.    At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

9.    The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as CELEBREX®.

10.    CELEBREX® is in a class of drugs called non-steroidal anti-inflammatory drugs.  It was approved by the Food and Drug Administration for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

11.    Pfizer, Inc. originally refused to withdraw CELEBREX® from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of CELEBREX®.

12.    Defendant materially breached its obligations to consumers, such as the Plaintiff, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of CELEBREX®.

13.    Defendant expressly and/or impliedly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that CELEBREX® was safe, effective, fit and proper for its intended use.

14.    Defendant was aware of the substantial risks of taking CELEBREX® but failed to fully disclose.

15.    Defendant failed to meet the applicable standards of care, which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant liable for the Plaintiff's injuries.

**COUNT I: NEGLIGENCE**

3

16.     The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

17.     Defendant Pfizer and its representatives were merchants or sellers of CELEBREX®.

18.     Despite the fact that Defendant Pfizer knew, or should have known that CELEBREX® could cause unreasonable injurious results and/or death to Plaintiff, the Defendant continued to market, distribute, and sell CELEBREX® to the public.

19.     Defendant Pfizer knew, or should have known that consumers, such as Plaintiff, would foreseeably suffer injuries and/or death as a result of Defendant Pfizer's failure to exercise ordinary care as described above. Moreover, after Defendant Pfizer became aware of the serious risks of ingesting CELEBREX®, it owed a legal duty to Plaintiff, and the general public, to disclose that knowledge. Defendant Pfizer's breach of its duty to disclose this information was a proximate cause of the injuries to the Plaintiff.

20.     As a direct and proximate result of the negligence and breach of Defendant Pfizer, Plaintiff sustained a Heart Attack. Defendant Pfizer owed a duty to Plaintiff to use reasonable care in its actions. Defendant Pfizer's failure to use reasonable care proximately caused Plaintiff's injuries, including medical expenses, lost wages, physical and mental pain, suffering and anguish. The Plaintiff became aware of the dangers of CELEBREX® in 2005 after the national recall of the drug.

WHEREFORE, the Plaintiff, Ruth Logan, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.


**COUNT II: STRICT PRODUCTS LIABILITY**

21.     The Plaintiff adopts and re-alleges paragraphs above as if fully set forth herein.

22.     CELEBREX®, as designed, manufactured, sold and/or supplied by Defendant Pfizer, was placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

23.     Further, CELEBREX®, as designed, manufactured, distributed, sold and/or supplied by Defendant, was defective in marketing due to inadequate warnings, instructions, and/or labeling.

24.     CELEBREX®, as designed, manufactured, distributed, marketed, sold and/or supplied was defective due to inadequate testing.

25.     CELEBREX® was defective in design and/or formulation in that, when it left the hands of Defendant and/or its representative, agents or assignees, the foreseeable risks of serious harm posed by this drug far exceeded its alleged benefits. The foreseeable risks of serious harm were so that Plaintiff and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested CELEBREX®.

26.     CELEBREX® was also defective due to inadequate warnings and misrepresentations to healthcare professionals. Defendant knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed CELEBREX® to patients.

27.     CELEBREX® was defective due to inadequate testing both before and after Defendant became aware of the risks of ingesting the drug.

28.     As the producing and direct cause and legal result of the design defect and/or the marketing defect due to the Defendant's failure to warn consumers, as well as the defective condition of the drug as manufactured and supplied by Defendant and its representatives, Plaintiff suffered injuries and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Ruth Logan, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT III: FRAUD

29.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

30.    Defendant Pfizer fraudulently represented to the general public, as well as healthcare professionals, that CELEBREX® was a safe and effective drug. Defendant Pfizer made this representation while knowing that, if healthcare professionals and consumers knew of the serious risks associated with the ingestion of the CELEBREX® drug, they would not prescribe and/or ingest this drug. Defendant Pfizer knew its representations to be false, and Plaintiff relied on Defendant Pfizer's false representations in ingesting CELEBREX®. These fraudulent representations by Defendant Pfizer were proximate cause of Plaintiff's injuries enumerated in paragraph 20 above.

WHEREFORE, the Plaintiff, Ruth Logan, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00 and $80,000,000.00 in punitive damages.

## COUNT IV: NEGLIGENT MISREPRESENTATIONS

31.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

32.    Defendant Pfizer represented and marketed the CELEBREX® drug as being safe and effective. After Defendant Pfizer became aware of the risk of ingesting CELEBREX®, however, Defendant Pfizer

failed to communicate to Plaintiff and/or the general public, that the ingestion of this drug could cause a person to suffer a Stroke, or that the CELEBREX® drug could cause a Heart Attack to the person ingesting the drug.

33.    Therefore, Plaintiff brings this cause of action against Defendant Pfizer under the theory of negligent misrepresentation for the following reasons:

a) The Plaintiff incorporates all facts and allegations previously stated in this Complaint;

b) Defendant Pfizer failed to warn Plaintiff, and other consumers, of the defective condition of the CELEBREX®, as manufactured and/or supplied by Defendant Pfizer;

c) Defendant Pfizer, individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about CELEBREX® in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Pfizer made such misrepresentations, without exercising reasonable care to ascertain the accuracy of these representations;

d) The above misrepresentations were made to Plaintiff, as well as the general public;

e) Plaintiff and his healthcare provider justifiably relied on Defendant Pfizer's misrepresentations; and

f) Consequently ingestion of CELEBREX® was to Plaintiff's detriment.

34.    As a direct and proximate result of the fraudulent acts and omissions, and misrepresentation of Defendant Pfizer, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Ruth Logan, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT V: EXPRESSED WARRANTY FOR GOODS

35.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

36. Defendant Pfizer breached its express warranty of goods. Defendant Pfizer was a merchant and/or seller of the CELEBREX drug. Defendant Pfizer sold this drug to consumers for the ordinary purpose for which such drugs are used by consumers. Defendant Pfizer owed a legal duty to Plaintiff and the public in general, to disclose its knowledge of the serious risks of ingesting the CELEBREX  drug as marketed. As a direct and proximate result of Defendant's breach of warranties, Plaintiff was injured and suffered special, general and compensatory damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Ruth Logan, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT VI: IMPLIED WARRANTY

### A. WARRANTY OF MERCHANTABILITY.

37.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

38.    Defendant Pfizer breached its implied warranty of merchantability. Defendant Pfizer was a merchant and/or seller of the Celebrex drug. Defendant Pfizer sold this drug to Plaintiff, and other consumers, for the ordinary purpose for which such drug is used by consumers. Celebrex was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used.

39.    As a direct and proximate result of the defect or defects of the drug, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

**B. WARRANTY OF FITNESS.**

40. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further allege:

41.    Defendant Pfizer breached its implied warranty of fitness. Defendant Pfizer sold Celebrex  drug, and, at the time of the sale of this drug, Defendant Pfizer knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug to Plaintiff, Defendant Pfizer knew, or had reason to know, that Plaintiff was relying on the skill and judgment of Defendant Pfizer to select or furnish a suitable product for the intended purpose. At the time of sale of the drug to Plaintiff, Defendant Pfizer exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff relied thereon.  Celebrex was not reasonably fit and/or suitable for the use for which it was selected.

42.    Failure of Defendant Pfizer to select and sell a product which, was reasonably safe for its intended use, proximately caused Plaintiff's injuries as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Ruth Logan, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

**COUNT VII: UNJUST ENRICHMENT**

43.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

44.    Defendant Pfizer accepted payment from Plaintiff for the purchase of Celebrex**.**

45.    Plaintiff did not receive a safe and effective drug for which Plaintiff paid.

46.    It would not be equitable for Defendant Pfizer to retain this money because Plaintiff did not, in fact, receive a safe and efficacious drug.

WHEREFORE, the Plaintiff, Ruth Logan, prays for judgment against Defendant, Pfizer Inc., for actual,

general, and compensatory damages in the amount of Plaintiff's prescription drug.

Respectfully submitted,


THE LAW OFFICES OF PAUL A. WEYKAMP


BY_____

Paul A. Weykamp
Suite 2
16 Stenersen Lanes
Hunt Valley, MD 21030
Telephone: (410) 584-0660
Email: pweykamp@Weykamplaw.com
Attorneys for Plaintiff


**PRAYER FOR TRIAL BY JURY**

The Plaintiff prays for a trial by jury on all issues presented herein.


_____
Paul A. Weykamp

Ruth Logan                              *     IN THE UNITED STATES
3706 Park Heights Avenue                *
Baltimore, MD 21215                     *     DISTRICT COURT
                                        *
                                        *     FOR MARYLAND AT
        Plaintiff                       *
                                        *     BALTIMORE
v.                                      *
                                        *
Pfizer Inc.                             *
235 East 42nd Street                    *
New York, NY 10017                      *
                                        *
Serve: The Corporation Trust Inc.       *
300 E. Lombard St.                      *
Baltimore, MD 21202                     *     CIVIL ACTION NO.:
                                        *
                                        *
        Defendant                       *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Mr,/Madam Clerk:

Please prepare writ of summons for private process service on the following:

The Corporation Trust Inc.
300 East Lombard St.
Baltimore, Maryland 21202

                              Respectfully Submitted


                              _____

                              Paul A. Weykamp

^JS 44　(Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ruth Logan

### DEFENDANTS
Pfizer Inc.

**(b)** County of Residence of First Listed Plaintiff　**Baltimore**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant　**New York, NY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul A. Weykamp, 16 Stenersen Lane, Hunt Valley, MD 21030
410-584-0660

Attorneys (If Known)

**AMD 07 CV 3138**

## II. BASIS OF JURISDICTION　(Place an "X" in One Box Only)

❏ 1　U.S. Government Plaintiff
❏ 2　U.S. Government Defendant
❏ 3　Federal Question (U.S. Government Not a Party)
☒ 4　Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)　　　　　　　　　and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT　(Place an "X" in One Box Only)

### CONTRACT
❏ 110 Insurance
❏ 120 Marine
❏ 130 Miller Act
❏ 140 Negotiable Instrument
❏ 150 Recovery of Overpayment & Enforcement of Judgment
❏ 151 Medicare Act
❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
❏ 153 Recovery of Overpayment of Veteran's Benefits
❏ 160 Stockholders' Suits
❏ 190 Other Contract
❏ 195 Contract Product Liability
❏ 196 Franchise

### REAL PROPERTY
❏ 210 Land Condemnation
❏ 220 Foreclosure
❏ 230 Rent Lease & Ejectment
❏ 240 Torts to Land
❏ 245 Tort Product Liability
❏ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
❏ 310 Airplane
❏ 315 Airplane Product Liability
❏ 320 Assault, Libel & Slander
❏ 330 Federal Employers' Liability
❏ 340 Marine
❏ 345 Marine Product Liability
❏ 350 Motor Vehicle
❏ 355 Motor Vehicle Product Liability
❏ 360 Other Personal Injury

**PERSONAL INJURY**
❏ 362 Personal Injury - Med. Malpractice
☒ 365 Personal Injury - Product Liability
❏ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
❏ 370 Other Fraud
❏ 371 Truth in Lending
❏ 380 Other Personal Property Damage
❏ 385 Property Damage Product Liability

### CIVIL RIGHTS
❏ 441 Voting
❏ 442 Employment
❏ 443 Housing/ Accommodations
❏ 444 Welfare
❏ 445 Amer. w/Disabilities - Employment
❏ 446 Amer. w/Disabilities - Other
❏ 440 Other Civil Rights

### PRISONER PETITIONS
❏ 510 Motions to Vacate Sentence
**Habeas Corpus:**
❏ 530 General
❏ 535 Death Penalty
❏ 540 Mandamus & Other
❏ 550 Civil Rights
❏ 555 Prison Condition

### FORFEITURE/PENALTY
❏ 610 Agriculture
❏ 620 Other Food & Drug
❏ 625 Drug Related Seizure of Property 21 USC 881
❏ 630 Liquor Laws
❏ 640 R.R. & Truck
❏ 650 Airline Regs.
❏ 660 Occupational Safety/Health
❏ 690 Other

### LABOR
❏ 710 Fair Labor Standards Act
❏ 720 Labor/Mgmt. Relations
❏ 730 Labor/Mgmt.Reporting & Disclosure Act
❏ 740 Railway Labor Act
❏ 790 Other Labor Litigation
❏ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
❏ 422 Appeal 28 USC 158
❏ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
❏ 820 Copyrights
❏ 830 Patent
❏ 840 Trademark

### SOCIAL SECURITY
❏ 861 HIA (1395ff)
❏ 862 Black Lung (923)
❏ 863 DIWC/DIWW (405(g))
❏ 864 SSID Title XVI
❏ 865 RSI (405(g))

### FEDERAL TAX SUITS
❏ 870 Taxes (U.S. Plaintiff or Defendant)
❏ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
❏ 400 State Reapportionment
❏ 410 Antitrust
❏ 430 Banks and Banking
❏ 450 Commerce
❏ 460 Deportation
❏ 470 Racketeer Influenced and Corrupt Organizations
❏ 480 Consumer Credit
❏ 490 Cable/Sat TV
❏ 810 Selective Service
❏ 850 Securities/Commodities/ Exchange
❏ 875 Customer Challenge 12 USC 3410
❏ 890 Other Statutory Actions
❏ 891 Agricultural Acts
❏ 892 Economic Stabilization Act
❏ 893 Environmental Matters
❏ 894 Energy Allocation Act
❏ 895 Freedom of Information Act
❏ 900 Appeal of Fee Determination Under Equal Access to Justice
❏ 950 Constitutionality of State Statutes

## V. ORIGIN　(Place an "X" in One Box Only)

☒ 1　Original Proceeding
❏ 2　Removed from State Court
❏ 3　Remanded from Appellate Court
❏ 4　Reinstated or Reopened
❏ 5　Transferred from another district (specify)
❏ 6　Multidistrict Litigation
❏ 7　Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
Diversity Jurisdiction
Brief description of cause:
Pharmaceutical Products Liability Claim

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:　❏ Yes　❏ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):　JUDGE　　　　　　DOCKET NUMBER

DATE
**08/13/2007**

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #　　　　AMOUNT　　　　APPLYING IFP　　　　JUDGE　　　　MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Ruth Logan,

        **Plaintiff(s)**

vs.

**S U M M O N S**

CIVIL ACTION NO. 1:07-cv-03138-AMD

Pfizer, Inc.
Serve: The Corporation Trust Inc.
     300 Lombard Street, Baltimore, MD 21202

        **Defendant**

**TO THE ABOVE NAMED DEFENDANT:**

    You are hereby summoned and required to serve upon Plaintiff's Attorney, whose

address is:  Paul A. Weykamp, 16 Stenersen Lane, Suite 2, Hunt Valley,  MD 21030,

an answer to the complaint which is herewith served upon you, within 60 days after service of

this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.

        Sincerely,

        Felicia C. Cannon, Clerk

        **By:** _____

        **Deputy Clerk**

**DATE:**  11/28/07

NOTICE - This case is subject to electronic filing.
Information on electronic filing procedures and how to
register to use the electronic filing system can be found
at: www.mdd.uscourts.gov

U.S. District Court (12/1999) - Summons

*CTO*

A CERTIFIED TRUE COPY

JAN 3 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 4 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

JAN 1 0 200    MDL No. 1699

CLERK'S OFFICE
AT BALTIMORE

(SEE ATTACHED SCHEDULE)          BY          DEPUTY

## CONDITIONAL TRANSFER ORDER (CTO-91)

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the
Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C.
§ 1407. *See* 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,164 additional actions have been
transferred to the Northern District of California. With the consent of that court, all such actions have been
assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the
actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D.
425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of
California for the reasons stated in the order of September 6, 2005, and, with the consent of that court,
assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District
Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15
days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this
15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN - 3 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By
Deputy Clerk
Date 1-7-08

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

## SCHEDULE CTO-91 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

FLORIDA MIDDLE
   FLM 8  07-2011        Vincent Rosenquist, et al. v. Pfizer Inc.

MARYLAND
   MD  1  07-3130        Alex Bondarenko v. Pfizer Inc.
   MD  1  07-3131        Melvin Brown v. Pfizer Inc.
   MD  1  07-3133        Theodore Carter v. Pfizer Inc.
   MD  1  07-3134        Hobert Church, Jr. v. Pfizer Inc.
   MD  1  07-3135        Gary Cox v. Pfizer Inc.
   MD  1  07-3136        Raymond Deigert v. Pfizer Inc.
   MD  1  07-3137        Dana Johnson v. Pfizer Inc.
   MD  1  07-3138        Ruth Logan v. Pfizer Inc.
   MD  1  07-3139        Nora Manning v. Pfizer Inc.
   MD  1  07-3140        Esther Nimarko v. Pfizer Inc.
   MD  1  07-3141        Carolyn Owens v. Pfizer Inc.
   MD  1  07-3142        George Sherain, II v. Pfizer Inc.
   MD  1  07-3143        Inetta Wood v. Pfizer Inc.

MINNESOTA
   MN  0  07-4634        Vivian Cobb v. Pfizer Inc., et al.
   MN  0  07-4661        Gene Summers v. Pfizer Inc., et al.
   MN  0  07-4662        Ed Narke v. Pfizer Inc., et al.
   MN  0  07-4670        Charlotte Allen, et al., Pfizer Inc., et al.
   MN  0  07-4671        Joann Burkeen, et al. v. Pfizer Inc., et al.

MISSISSIPPI NORTHERN
   MSN 4  07-124         Claiborne Leon Collier, Sr., et al. v. Pfizer Inc., et al.

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 1 0 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION                    MDL No. 1699

## INVOLVED COUNSEL LIST (CTO-91)

Levi Boone, III
BOONE LAW FIRM
401 West Sunflower Road
P.O. Box 1772
Cleveland, MS 38732-1772

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN
& BERNSTEIN LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111-3339

Elizabeth L. Dudley
HUTTON & HUTTON LAW FIRM LLC
8100 East 22nd Street
North Building 1200
P.O. Box 638
Wichita, KS 67201-0638

Edward W. Gerecke
CARLTON FIELDS PA
4221 W. Boy Scott Boulevard
Suite 100
P.O. Box 3239
Tampa, FL 33601-3239

Walter T. Johnson
WATKINS & EAGER
P.O. Box 650
Jackson, MS 39205-0650

Gregory A. Markel
CADWALADER WICKERSHAM
& TAFT LLP
One World Financial Center
New York, NY 10281

Ted G. Meadows
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Lynn M. Sasso
FERRARO LAW FIRM PA
4000 Ponce De Leon Blvd.
Suite 700
Miami, FL 33146

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

Paul A. Weykamp
LAW OFFICES OF PAUL A WEYKAMP
16 Stenersen Lane
Suite 2
Hunt Valley, MD 21030

Martha K. Wivell
P.O. Box 339
Cook, MN 55723

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 1 0 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION                MDL No. 1699

## INVOLVED JUDGES LIST (CTO-91)

Hon. James S. Moody, Jr.
U.S. District Judge
13A Sam M. Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, FL 33602

Hon. Richard D. Bennett
U.S. District Judge
5D Edward A. Garmatz Federal Bldg.
& U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201-2605

Hon. Andre M. Davis
U.S. District Judge
5B Edward A. Garmatz Federal Building
& U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201-2615

Hon. Benson Everett Legg
Chief Judge, U.S. District Court
7A Edward A. Garmatz Federal Building
& U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201-2605

Hon. J. Frederick Motz
U.S. District Judge
101 West Lombard Street
510 Edward A. Garmatz Federal Building
& U.S. Courthouse
Baltimore, MD 21201-2690

Hon. William D. Quarles, Jr.
United States District Judge
3A Edward A. Garmatz Fed. Bldg.
& U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201-2605

Hon. Michael James Davis
U.S. District Judge
14E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Donovan W. Frank
U.S. District Judge
738 Warren E. Burger Federal Bldg.
316 North Robert Street
St. Paul, MN 55101

Hon. Paul A. Magnuson
Senior U.S. District Judge
730 Warren E. Burger Federal Building
316 North Robert Street
St. Paul, MN 55101

Hon. James M. Rosenbaum
Chief Judge, U.S. District Court
15E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Michael P. Mills
Chief Judge, U.S. District Court
335 Federal Bldg. & U.S. Courthouse
911 Jackson Avenue, West
Oxford, MS 38655

DISTRICT COURT
DISTRICT OF MARYLAND

JAN 1 0 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**

MDL No. 1699

## INVOLVED CLERKS LIST (CTO-91)

Sheryl L. Loesch, Clerk
218 Sam M. Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, FL 33602-3800

Felicia C. Cannon, Clerk
Edward A. Garmatz Federal
Building & U.S. Courthouse
101 W. Lombard Street
Baltimore, MD 21201-2690

Richard Sletten, Clerk
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

David Crews, Clerk
U.S. District Court
305 Main Street
Room 329
Greenville, MS 38701

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

JAN 1 0 2008

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

1699, CLOSED, XMDL

# U.S. District Court
## District of Maryland (Baltimore)
## CIVIL DOCKET FOR CASE #: 1:07-cv-03138-AMD
## Internal Use Only

Logan v. Pfizer, Inc.
Assigned to: Judge Andre M Davis
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/20/2007
Date Terminated: 12/17/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal
Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Mrs. Ruth Logan**                    represented by    **Paul A Weykamp**
                                                         Law Offices of Paul A
                                                         Weykamp PA
                                                         16 Stenersen Ln Ste 2
                                                         Hunt Valley, MD 21030
                                                         14105840660
                                                         Fax: 14105841005
                                                         Email:
                                                         pweykamp@weykamplaw.com

                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer, Inc.**

| Date | | |
| --- | --- | --- |

| Filed | # | Docket Text |
|-------|---|-------------|
| 11/20/2007 | ❍ | Case reassigned to Judge Andre M Davis. Judge Catherine C. Blake no longer assigned to the case. (ljs, Deputy Clerk) (Entered: 11/26/2007) |
| 11/20/2007 | ❍1 | COMPLAINT against Pfizer, Inc. (Filing fee $ 350. Receipt # 14637021318), filed by Ruth Logan. (Attachments: # 1 Civil Cover Sheet)(ljs, Deputy Clerk). (Entered: 11/26/2007) |
| 11/20/2007 | ❍ | Jury Trial Demand by Ruth Logan. (ljs, Deputy Clerk) (Entered: 11/26/2007) |
| 11/20/2007 | ❍ | (Court only) ***Set/Clear Flags (ljs, Deputy Clerk) (Entered: 11/26/2007) |
| 11/28/2007 | ❍2 | Summons Issued 60 days as to Pfizer, Inc.. (ljs, Deputy Clerk) (Entered: 11/28/2007) |
| 12/17/2007 | ❍3 | ORDER ADMINISTRATIVELY CLOSING this case. Signed by Judge Andre M Davis on 12/17/07. (mcb, Deputy Clerk) (Entered: 12/17/2007) |
| 12/17/2007 | ❍ | (Court only) ***Civil Case Terminated. (mcb, Deputy Clerk) (Entered: 12/17/2007) |
| 01/10/2008 | ❍4 | CERTIFIED TRANSFER ORDER from the MDL Panel transferring this case to the Northern District of California. (mcb, Deputy Clerk) (Entered: 01/10/2008) |
| 01/10/2008 | ❍5 | Correspondence from Clerk of the Court to Northern District of California re: transferring case. (mcb, Deputy Clerk) (Entered: 01/11/2008) |